L. A. ROGERS V. THE STATE.

No. 21680. Delivered June 25, 1941.

The opinion states the case.

*B. F. Whitworth* and *S. I. Cornett,* both of Linden, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by indictment with the theft of two bales of cotton and assessed a penalty of two years in the penitentiary.

The evidence shows that W. O. Betts, a ginner at Marietta in Cass County, lost two bales of cotton from his gin, each belonging to different customers. He learned on Saturday that

one bale was missing from the yard and on the following Monday learned that another was missing. He did not know that they were taken at the same time and was under the impression that they were taken at different times because there was a wide variance between their ginning numbers.

The appellant was found with two bales of cotton and it is claimed that these two bales were the ones that were missed from the yard. It seems, however, that the identification of the cotton is very uncertain. The prosecuting witness said he could not identify them, "only the boys who tied the cotton up said it looked like our cotton." The weights of the two bales lost were 510 and 525 pounds. The two bales recovered were 512 and 528 pounds. The numbers had been so changed that they did not aid in the identification of the cotton.

The witness Betts was not able to give the market value of the cotton, but said that they could be placed with the government at 9.8¢ per pound. At this figure one bale of cotton would bring $49.98 and another $51.45, but this is no proof of the market value. The State produced one witness, Lewis Rogers, who qualified to testify to the market value of the cotton on the 10th day of October and who says it was about 9-1/4¢ per pound. At this figure one bale would be worth $47.17 and the other $48.56. It is evident that the proof fails to show the two bales of cotton were taken at the same time, but, to the contrary, indicates that they were taken at different times and the only market value shown places the value of each bale at less than $50.00. Consequently, it appears the defendant, if guilty, was amenable to the misdemeanor provisions of our law and not subject to prosecution for a felony.

The judgment of the trial court is reversed and the cause remanded.